# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNY CODY, LEEANNE SNOW,
ALFRED SANDERS and ANTHONY
CLAIBORNE, individually and on behalf of
all similarly situated individuals,

Case No. 15-cv-10170
Hon. Arthur J. Tarnow

Plaintiffs,

vs.

U.S. SERVICO, INC., a Michigan
corporation and BRIAN RODGERS, an
individual, jointly and severally,

Defendants.

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into by Defendants, U.S. Servico, Inc. ("U.S. Servico") and Brian Rogers (previously misidentified as "Brian Rodgers" (hereinafter "Rogers"), together with all of their respective affiliates, subsidiaries, divisions, successor and assign and employees, officers, directors, shareholders, attorneys, and agents thereof (collected referred to as "Defendants"), and Plaintiffs, Johnny Cody ("Cody"), LeeAnne Snow ("Snow"), Alfred Sanders ("Sanders"), and Anthony Clairborne ("Clairborne") (collectively referred to as "Plaintiffs"), as of the date of signature for the parties and hereby agree to the following:

### RECITALS

WHEREAS, Plaintiffs are current and former employees of U.S. Servico – a provider of commercial and janitorial cleaning services;

1

WHEREAS, Plaintiffs have asserted certain claims against Defendants U.S. Servico Inc. and its owner, Rogers, in the United States District Court for the Eastern District of Michigan captioned Cody, et al. v. U.S. Servico and Brian Rodgers, as identified in the above caption ("Lawsuit"). The Lawsuit alleges that Defendants misclassified Plaintiffs as exempt employees, and as a result, Plaintiffs were not paid overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"). Plaintiffs have brought this lawsuit individually and as a collective action pursuant to the FLSA under 29 U.S.C.;

WHEREAS, Defendants have vigorously denied Plaintiffs' claims and have denied that they are liable to Plaintiffs for any alleged wage payments;

WHEREAS, in the Lawsuit, Plaintiffs filed a Motion for Conditional Class Certification on January 15, 2015, seeking certification of the case as a collective action pursuant to 29 U.S.C. § 216(b), and Defendants filed a Motion to Compel Arbitration on an Individual Basis, and Motion to Dismiss, and/or Stay all Claims as to Four Opt-In Plaintiffs ("Motion to Compel") on March 2, 2015;

WHEREAS, the Court entered an Order, based upon the parties' stipulation, administratively closing the case for a certain period of time to provide the parties with an opportunity to explore mediation and/or early settlement;

WHEREAS, as a result of the parties' efforts and their respective counsel, a settlement was reached of this dispute, which evidences the parties' desire to fully compromise and settle all existing and potential disputes that the parties have or could have alleged against the other, so as to avoid the further distraction, burden, and costs of this dispute, including trial of the claims in this action;

WHEREAS, Plaintiffs and Defendants desire to fully compromise and settle all existing and potential disputes they have or perceive themselves to have against one another and to avoid the expense of future litigation; and

WHEREAS, the parties to this Agreement, through their respective attorneys, have agreed to file a joint motion with the Court to approve the terms of this Agreement.

NOW, THEREFORE, in consideration of the promises and covenants hereinafter contained, and intending to be legally bound hereby, Plaintiffs and Defendants agree as follows:

## AGREEMENT

1. **Settlement Amount.** In consideration for complete and full settlement of Plaintiffs' claims in this Lawsuit and in order to avoid the uncertainties and costs of further litigation, Defendants shall pay Plaintiffs the total amount of **THIRTY FIVE THOUSAND, ONE HUNDRED TWO DOLLARS AND SEVENTY FIVE CENTS ($35,102.86)**, inclusive of attorneys' fees and costs. A final allocation of each Plaintiff's share of the total settlement fund is as follows:

| | |
|---|---|
| Alfred Sanders | $2,000.10 |
| Johnny Cody | $2,827.99 |
| Anthony Claiborne | $3,853.66 |
| Leanne Snow | $5,000.00 |
| Subtotal | $13,681.75 |
| Costs | $421.11 |
| Attorney Fees | $21,000.00 |
| Total | $35,102.86 |

All of Plaintiffs' settlement checks will be made payable to them individually and solely, issued by U.S. Servico, and delivered to Sommers Schwartz within thirty (30) days of the later of (1) Plaintiff's execution of this Agreement and (2) the Court's approval of this settlement. The payments to each Plaintiff shall be made in two separate checks, the first of which shall be deemed wages, and will be reported by U.S. Servico as wages for tax purposes with each Plaintiff receiving an IRS Form W-2 for this portion of the settlement disbursement. Defendant shall withhold and remit to the IRS taxes based upon the last W-4 submitted by the Plaintiff to Defendant. The second payment shall be for the remaining half of the settlement disbursement and shall constitute payment for all liquidated and/or other damages and will be reported by U.S. Servico on an IRS Form 1099. All amounts allocated as attorneys' fees and costs will be paid via a check made payable to Sommers Schwartz, P.C. and delivered to Sommers Schwartz within the same timeframe as set forth for Plaintiffs. U.S. Servico will issue Sommers Schwartz an IRS Form 1099 for this payment. Sommers Schwartz shall provide Defendants an executed W-9 form upon request.

The Settlement Payment is made without defense counsel's or Plaintiffs' counsel's opinion or advice on its taxability under the Internal Revenue Code or any state law. Plaintiffs agree that if it is determined that any additional federal or state income or payroll taxes, including FUTA or FICA, should have been paid by Plaintiffs, beyond those sums paid, Plaintiffs agree to hold Defendants harmless from any and all tax liability Plaintiffs' incur, including interest and/or penalties. Plaintiffs further acknowledge that they are solely responsible for all of their own taxes, interest, penalties, and attorneys' fees incurred should they be forced to defend the legal characterization of this Settlement Payment.

In addition, the Settlement Payment is intended and does include payment for all alleged damages sought in the Lawsuit, including, but not limited to any and all actual, consequential, liquidated, economic or non-economic damages, as well as payment for any costs and/or attorneys' fees. Other than to enforce the allocation to Sommers Schwartz as specified above, no separate petition for attorneys' fees or costs shall be made by Plaintiffs as a result of this Agreement, and any right to fees and costs shall be and are deemed released and fully satisfied.

2. **No Consideration Absent Execution of this Agreement.** Plaintiffs understand and agree that they would not receive the monies and/or benefits specified in paragraph "1" above, except for their execution of this Agreement and the fulfillment of the promises contained herein.

3. **Release, Claims Not Released and Related Provisions.**

   a. **Release of All Wage and Hour Claims.** Plaintiffs knowingly and voluntarily release and forever discharge Defendants U.S. Servico and Rogers, including any parent corporations, affiliates, subsidiaries, divisions, predecessors, insurers, successors, and assigns; and their current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities; and their employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all wage and hour claims, known and unknown, asserted or unasserted, which Plaintiffs have or may have against Releasees as of the date of execution of this Agreement, including, but not limited to, any claims arising under (1) The Fair Labor Standards Act; The Equal Pay Act; Michigan Payment of Wages and Fringe Benefit Act; any other federal, state or local law, rule, regulation, or ordinance; any public policy, contract,

tort, or common law; or any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in such claims.

  b. **Claims Not Released.** Plaintiffs are not waiving any rights they may have to: (a) benefits and/or the right to seek benefits under applicable workers' compensation and/or unemployment compensation statutes; (b) pursue claims which by law cannot be waived by signing this Agreement; (c) enforce this Agreement; and/or (d) challenge the validity of this Agreement.

  c. **Governmental Agencies.** Nothing in this Agreement prohibits or prevents Plaintiffs from filing a charge with or participating, testifying, or assisting in any investigation, hearing, whistleblower proceeding, or other proceeding before any federal, state, or local government agency (e.g. EEOC, NLRB, SEC, etc.), nor does anything in this Agreement preclude, prohibit, or otherwise limit, in any way, Plaintiffs' rights and abilities to contact, communicate with, report matters to, or otherwise participate in any whistleblower program administered by any such agencies.

  d. **Collective/Class Action Waiver.** If any wage and hour claim is not subject to release, to the extent permitted by law, Plaintiffs waive any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective, or multi-party wage and hour action or proceeding based on such a claim in which U.S. Servico, Rogers, or any other Releasees identified in this Agreement is a party.

  e. **Medicare, Medicaid and SCHIP Extension Act.** Plaintiffs acknowledge that pursuant to Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007 ("MMSEA"), the Centers for Medicare & Medicaid Services ("CMS"), the U.S. agency which administers Medicare and Medicaid and/or its designee(s) are required to make a specific

determination as to whether Plaintiffs are entitled to collect Medicare benefits; and, if so, are required to electronically submit Plaintiffs' identity to the Secretary of Health and Human Services so a determination can be made regarding the coordination of benefits and recovery of any benefits advanced by Medicare. By signing below, Plaintiffs acknowledge that their Social Security number and date of birth will be used for the purpose of making this submission. Plaintiffs shall indemnify and hold Releasees harmless from any action by Medicare seeking payment of past, current, or future medical expenses for Plaintiffs. Plaintiffs shall further indemnify and hold Releasees harmless from any and all adverse consequences in the event this settlement results in the loss of right to Social Security and/or Medicare benefits to the extent Plaintiffs would have been entitled to those benefits in the absence of this Agreement.

4. **Acknowledgments and Affirmations.** Plaintiffs affirm that they have not filed, caused to be filed, or are presently a party to any claim against Releasees, except for the Lawsuit. Plaintiffs further affirm that they have reported all hours worked as of the date this Agreement is signed and the amounts set forth in paragraph "2" above fully satisfy all claims that Plaintiffs have or may have for alleged compensation or deductions alleged to be owed to them following a full and complete investigation in this matter by counsel of Plaintiffs' choosing. Therefore, Plaintiffs declare that there are no wages or other payments due and owing to them by Defendants, that all wage related claims arising from their employment with Defendants are fully satisfied, and that no wages or other payments are due and owing to Plaintiffs.

5. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the state of Michigan without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, any party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any

damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

6. **Non-admission of Wrongdoing.** The Parties agree that neither this Agreement, nor the furnishing of the consideration for this Agreement, shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

7. **Amendment.** This Agreement may not be modified, altered or changed, except in writing and signed by the parties, wherein specific reference is made to this Agreement.

8. **Entire Agreement.** This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties. Plaintiffs acknowledge that they have not relied on any representations, promises, or agreements of any kind made to them in connection with their decision to accept this Agreement, except for those set forth in this Agreement. Notwithstanding the forgoing, the parties do not intend to waive, alter or supersede the parties arbitration agreement(s) previously entered into between the parties in connection with their employment with Releasees.

9. **Waiver.** The waiver of any breach of this Agreement by any party shall not constitute a waiver of any subsequent or prior breach.

10. **Advice of Counsel.** Plaintiffs and Defendants represent that each has reviewed or had the opportunity to review each and every term of this Agreement with counsel. They further acknowledge that they have carefully read this Agreement, they know and understand its contents, and they execute the Agreement freely and voluntarily.

8

11. **Cooperation.** This Agreement shall be construed as if drafted equally by all parties. Thus, none of the terms shall be construed against any one party (or parties) based upon any claim or argument that this Agreement was drafted by one of the parties.

12. **Counterparts.** This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same document. Moreover, for the purposes of this Agreement, a facsimile or digital copy of a party's signature shall have the same effect as an original.

EACH PLAINTIFF HAS BEEN ADVISED THAT HE OR SHE HAS A REASONABLE AMOUNT OF TIME TO CONSIDER THIS AGREEMENT. EACH PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE, AND RELEASE ALL WAGE AND HOUR CLAIMS PLAINTIFF HAS OR MIGHT HAVE AGAINST RELEASEES.

The parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

| PLAINTIFFS | DEFENDANTS |
|---|---|
| By: _/s/ Johnny Cody_ <br> **JOHNNY CODY** <br> Dated: 7/16/2015 | **U.S. SERVICO, INC.** <br> By: _____ <br> Its: _____ <br> Dated: _____ |
| By: _____ <br> **LEEANNE SNOW** <br> Dated: | By: _____ <br> **BRIAN ROGERS** <br> Dated: |
| By: _____ <br> **ALFRED SANDERS** <br> Dated: | |
| By: _____ <br> **ANTHONY CLAIBORNE** <br> Dated: | |

11. <u>Cooperation.</u> This Agreement shall be construed as if drafted equally by all parties. Thus, none of the terms shall be construed against any one party (or parties) based upon any claim or argument that this Agreement was drafted by one of the parties.

12. <u>Counterparts.</u> This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same document. Moreover, for the purposes of this Agreement, a facsimile or digital copy of a party's signature shall have the same effect as an original.

EACH PLAINTIFF HAS BEEN ADVISED THAT HE OR SHE HAS A REASONABLE AMOUNT OF TIME TO CONSIDER THIS AGREEMENT. EACH PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE, AND RELEASE ALL WAGE AND HOUR CLAIMS PLAINTIFF HAS OR MIGHT HAVE AGAINST RELEASEES.

The parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

**PLAINTIFFS**

By: _____
JOHNNY CODY
Dated:

By: _*(signed)*_____
LEEANNE SNOW
Dated: 7/16/15

By: _____
ALFRED SANDERS
Dated:

By: _____
ANTHONY CLAIBORNE
Dated:

**DEFENDANTS**

U.S. SERVICO, INC.

By: _____
Its: _____
Dated:

By: _____
BRIAN ROGERS
Dated:

9

11. **Cooperation.** This Agreement shall be construed as if drafted equally by all parties. Thus, none of the terms shall be construed against any one party (or parties) based upon any claim or argument that this Agreement was drafted by one of the parties.

12. **Counterparts.** This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same document. Moreover, for the purposes of this Agreement, a facsimile or digital copy of a party's signature shall have the same effect as an original.

EACH PLAINTIFF HAS BEEN ADVISED THAT HE OR SHE HAS A REASONABLE AMOUNT OF TIME TO CONSIDER THIS AGREEMENT. EACH PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE, AND RELEASE ALL WAGE AND HOUR CLAIMS PLAINTIFF HAS OR MIGHT HAVE AGAINST RELEASEES.

The parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

| PLAINTIFFS | DEFENDANTS |
|---|---|
| By: _____ <br> JOHNNY CODY <br> Dated: | U.S. SERVICO, INC. <br> By: _____ <br> Its: _____ <br> Dated: |
| By: _____ <br> LEEANNE SNOW <br> Dated: | By: _____ <br> BRIAN ROGERS <br> Dated: |
| By: /s/ Alfred Sanders <br> ALFRED SANDERS <br> Dated: 7-16-2015 | |
| By: _____ <br> ANTHONY CLAIBORNE <br> Dated: | |

9

07/16/2015 13:28 3138751005 ROYAL MARKET PAGE 01
Veronica Stewart 2484764001 (10/11) 07/16/2015 01:39:23 PM

11. **Cooperation.** This Agreement shall be construed as if drafted equally by all parties. Thus, none of the terms shall be construed against any one party (or portion) based upon any claim or argument that this Agreement was drafted by one of the parties.

12. **Counterparts.** This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same document. Moreover, for the purposes of this Agreement, a facsimile or digital copy of a party's signature shall have the same effect as an original.

EACH PLAINTIFF HAS BEEN ADVISED THAT HE OR SHE HAS A REASONABLE AMOUNT OF TIME TO CONSIDER THIS AGREEMENT. EACH PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE, AND RELEASE ALL WAGE AND HOUR CLAIMS PLAINTIFF HAS OR MIGHT HAVE AGAINST RELEASEES.

The parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

PLAINTIFFS

By: _____
JOHNNY CODY
Dated:

By: _____
LEEANNE SNOW
Dated:

By: _____
ALFRED SANDERS
Dated:

By: *[signature]*
ANTHONY CLAIBORNE
Dated: 7-16-2015

DEFENDANTS

U.S. SERVICO, INC.

By: _____
Its: _____
Dated:

By: _____
BRIAN ROGERS
Dated:

9.

Approved as to form and substance:

*/s/ Kevin J. Stoops*

KEVIN J. STOOPS (P64371)
JESSE L. YOUNG (P72614)
SOMMERS SCHWARTZ, P.C.
One Towne Square, Suite 1700
Southfield, MI 48076
(248) 355-0300
kstoops@sommerspc.com
jyoung@sommerspc.com

Attorneys for Plaintiffs Johnny Cody, Leeanne Snow, Alfred Sanders, and Anthony Claiborne

Dated: 7/27/15

ALLAN S. RUBIN (P44420)
CHRISTINA A. DASKAS (P52757)
JACKSON LEWIS, P.C.
2000 Town Center, Suite 1650
Southfield, MI 48075
(248) 936-1900
rubina@jacksonlewis.com
daskasc@jacksonlewis.com

Attorneys for Defendants U.S. Servico, Inc. and Brian Rogers

Dated:

4830-5246-1605, v. 2

11. **Cooperation.** This Agreement shall be construed as if drafted equally by all parties. Thus, none of the terms shall be construed against any one party (or parties) based upon any claim or argument that this Agreement was drafted by one of the parties.

12. **Counterparts.** This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same document. Moreover, for the purposes of this Agreement, a facsimile or digital copy of a party's signature shall have the same effect as an original.

EACH PLAINTIFF HAS BEEN ADVISED THAT HE OR SHE HAS A REASONABLE AMOUNT OF TIME TO CONSIDER THIS AGREEMENT. EACH PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE, AND RELEASE ALL WAGE AND HOUR CLAIMS PLAINTIFF HAS OR MIGHT HAVE AGAINST RELEASEES.

The parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

**PLAINTIFFS**

By: _____
    JOHNNY CODY
Dated:

By: _____
    LEEANNE SNOW
Dated:

By: _____
    ALFRED SANDERS
Dated:

By: _____
    ANTHONY CLAIBORNE
Dated:

**DEFENDANTS**

U.S. SERVICO, INC.
By: *[signature: Brian Rogers]*
Its: *President*
Dated:

By: *[signature: Brian Rogers]*
    BRIAN ROGERS
Dated:

Approved as to form and substance:

KEVIN J. STOOPS (P64371)
JESSE L. YOUNG (P72614)
SOMMERS SCHWARTZ, P.C.
One Towne Square, Suite 1700
Southfield, MI 48076
(248) 355-0300
kstoops@sommerspc.com
jyoung@sommerspc.com

*Attorneys for Plaintiffs Johnny Cody, Leeanne Snow, Alfred Sanders, and Anthony Claiborne*

Dated:

ALLAN S. RUBIN (P44420)
CHRISTINA A. DASKAS (P52757)
JACKSON LEWIS, P.C.
2000 Town Center, Suite 1650
Southfield, MI 48075
(248) 936-1900
rubina@jacksonlewis.com
daskasc@jacksonlewis.com

*Attorneys for Defendants U.S. Servico, Inc. and Brian Rogers*

Dated: 7/27/15

4830-5246-1605, v. 2